**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
United States Court of Appeals
Tenth Circuit

**January 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

LEWIS ROGER MOORE,

    Claimant - Appellant,

and

JESSE F. MONTEZ; DAVID BRYAN; GEORGE KARL; GILPIN EUGENE; JOHN ARMINTROUT; KENNETH GARCIA; RICHARD K. ALLEN; JIMMY R. BULGIER, as representatives of themselves and all others similarly situated,

    Plaintiffs,

v.

JOHN HICKENLOOPER; FRANK GUNTER, Former Executive Director of the Colorado Department of Corrections; BEN JOHNSON, Former Warden of Colorado Territorial Correctional Facility; CHERYL SMITH, Medical Administrator at CTCF; ARI ZAVARAS, Executive Director of Colorado Department of Corrections; BOB FURLONG, Warden of Limon Correctional Facility; DEPARTMENT OF CORRECTIONS; BILL PRICE, Warden of the Arkansas Valley Correctional Center; R. MARK MCDUFF, Warden of the Arrowhead Correctional Center, the Four Mile Correctional Facility, the Skyline Correctional Center, and the Pre-

No. 17-1115
(D.C. No. 1:92-CV-00870-CMA-MEH)
(D. Colo.)

Release Correctional Center; GARY NEET, Warden of the Buena Vista Correctional Facility; WARREN DIESSLIN, Former Warden of the Buena Vista Correctional Facility; FRANK MILLER, Warden of the Centennial Correctional Facility; DONICE NEAL, Warden of the Colorado State Penitentiary; MARK WILLIAMS, Warden of the Colorado Women's Facility; MARK MCKINNA, Warden of the Colorado Territorial Correctional Facility; J FRANK RICE, Warden of the Denver Reception and Diagnostic Center; LARRY EMBRY, Warden of the Fremont Correctional Facility; TOM COOPER, Former Warden of the Fremont Correctional Facility; BILL BOGGS, Warden of the Rifle Correctional Facility; BILL BOKROS, Warden of the Pueblo Minimum Center; DAVID HOLT, Medical Administrator; JEAN MOLTZ, Medical Administrator; RON JOHNSON, Medical Administrator; DON LAWSON, Administration Director; BOB MOORE, Medical Supervisor; RONALD G PIERCE; JOHN DOES, Current and Former Wardens of any correctional facility maintained, operated or controlled by the Colorado Department of Corrections; JOHN ROES,

   Defendants - Appellees.

_____

# ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal arises out of a class action, *Montez v. Hickenlooper*. This class action resulted in presentation of individual damage claims to a special master. One of these claims was decided twelve years ago. The claimant, Mr. L.R. Moore, obtained a monetary award, but he has never been paid. He complains not only of the nonpayment but also of the failure to replace a stolen wheelchair and the inability to participate in settlement talks involving the class as a whole. The district court denied relief, and we affirm in part and reverse in part.[1]

I.   **Background**

In a 2003 remedial plan, the parties in the class action agreed that a special master would decide class members' individual damage claims, subject to review by the district court. In a 2005 claim, Mr. Moore asserted claims for (1) replacement of a custom-made wheelchair allegedly stolen

---

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1] Jurisdiction exists under the collateral order doctrine. *See Montez v. Hickenlooper*, 640 F.3d 1126, 1132-33 (10th Cir. 2011).

by prison staff and (2) damages for diminished wheelchair access to a prison dining hall.

The special master did not order the defendants to provide Mr. Moore with a new wheelchair, but the special master did award Mr. Moore $50 for diminished access to the dining hall. In 2008, Mr. Moore complained to the special master that the defendants had not paid the $50 and again raised an issue involving the wheelchair. But the special master declined to address these complaints.[2]

In 2016, Mr. Moore again filed objections in the district court, alleging nonpayment and failure to provide a wheelchair equivalent to the one that was allegedly stolen. In these objections, Mr. Moore also sought to participate in the ongoing negotiations involving class issues, insisting that his participation was necessary to protect the interests of himself and other class members. The district court overruled the objections and denied reconsideration in 2017, leading Mr. Moore to appeal.

---

[2] And in 2010, Mr. Moore mentioned in a district court filing that the defendants had not paid his $50 damage award. But the district court did not address this issue.



## II. Enforcement of the $50 Award

In part, Mr. Moore seeks enforcement of the $50 award. The defendants acknowledge that they have not paid the award and do not question the enforceability of the award or the court's authority to order payment. Instead, the defendants contend that they can wait to pay until Mr. Moore completes an accurate W-9 tax form, which he has not done. The district court agreed with the defendants, and we engage in de novo review. *See Woodruff v. Herrera*, 623 F.3d 1103, 1109-10 (10th Cir. 2010) (de novo review on matters of law).

In conducting this review, we conclude that the district court erred. The W-9 is an IRS form submitted to a payee by an individual or entity "who is required to file an information return with the IRS." R. Vol. II, at 147. But the defendants have not identified any requirement to file an information return for the payment to Mr. Moore. *Cf.* IRS Pub. 583, *Information for Business Taxpayers*, 1988 WL 485178, at *6 (rev. Nov. 1988) (stating circumstances in which an information return is required).

5

But let's assume that an information return is required and that the payment is reportable. In these circumstances, the Internal Revenue Code identifies steps that the payor can take in the absence of a W-9 form. These steps include actions such as adding backup withholding in certain circumstances. *See* 26 U.S.C. § 3406(a); *see* IRS Pub. 1281 (Rev. 3-2017), *Backup Withholding for Missing and Incorrect Name/TIN(s)*, 2017 WL 4317150, at *3. Instead of taking these steps, however, the defendants unilaterally disobeyed the special master's order without explaining the need for a W-9 form before paying the award. In the absence of such an explanation, the district court erred in failing to order enforcement of the $50 award.

### III. Replacement of the Wheelchair

In the 2005 proceeding, Mr. Moore complained that his custom-made wheelchair had been stolen by prison staff and was never replaced with an equivalent model. The defendants responded that they were in the process of providing Mr. Moore with a new wheelchair, and the special master declined to order relief on Mr. Moore's complaint about his wheelchair. The defendants provided a wheelchair, but Mr. Moore alleges that the replacement was inadequate.

With the passage of twelve years, it is too late for Mr. Moore to appeal the special master's 2005 order on the ground that it should have specified the type of wheelchair to be provided. *See* Order, filed Mar. 23,

6

2010, ECF No. 4381 (setting April 16, 2010, as the deadline for "any *pro se* compliance/enforcement claims for individual . . . injunctive or equitable relief" under the 2003 remedial plan). And he cannot obtain relief by enforcing the 2005 award because that award did not include relief on the claim involving the wheelchair. Thus, the district court did not err in sustaining the 2016 objection involving the wheelchair.

## IV.   Notice and an Opportunity to Participate in Settlement Talks

The class action is ongoing, and the district court is apparently conducting settlement talks on classwide issues. Mr. Moore requested notice and an opportunity to participate, and the district court denied this request. This ruling was not erroneous.[3]

We have approved a protocol that prevents individual claimants from pursuing their own equitable claims relating to a class action while the class action is proceeding. *McNeil v. Guthrie*, 945 F.2d 1163, 1165-66 (10th Cir. 1991). The district court followed this approach here, preventing disruption of the class-wide settlement discussions. This approach was not erroneous.

---

[3]   We need not decide the standard of review on this claim. The claim fails under any standard.

### V. Leave to Proceed In Forma Pauperis

Mr. Moore requests leave to proceed without prepayment of costs. This request is granted, though Mr. Moore remains obligated to pay the filing and docketing fees. *See* 28 U.S.C. § 1915(b).

### VI. Deletion of Parties

Mr. Moore also requests deletion of irrelevant parties. We deny this request because the appeal is part of the *Montez* class litigation. As a result, the other parties must be included in the caption.

### VII. Redaction of Medical Records

Mr. Moore asks us to remove the redactions on the medical records submitted by the defendants. These records proved immaterial for our analysis; thus, we deny Mr. Moore's request.

### VIII. Mr. Moore's Amended Opening Brief and Addendum

Mr. Moore has filed an unauthorized "Amended Opening Brief" and a separate "Addendum." Both are stricken.

After successfully requesting an extension of time, Mr. Moore filed his opening appeal brief on July 18, 2017, and the defendants responded on August 11, 2018. He then requested an extension of time for his optional reply brief based in part on alleged restrictions to law library access. We extended the deadline to September 8, 2017, for the reply brief.

But the clerk's office received nothing from Mr. Moore for over three months. Then, on December 28, 2017, the clerk's office received a

document purporting to be an amended opening brief. In this document, Mr. Moore stated that he was late in filing it because of restrictions on access to research books and word processors.

This explanation is unconvincing. In the amended brief and his subsequent addendum, Mr. Moore purports to add multiple claims based on numerous events post-dating the deadline for his reply brief. Allowing the amended brief and addendum would require the defendants to respond to the new allegations, creating even further delay.

Mr. Moore knew that he needed to seek an extension of time, as he has filed multiple motions for extensions. Indeed, in the last order granting an extension of time, the clerk's office stated that "[n]o further extensions will be granted on the Clerk's authority." Order (Aug. 21, 2017).

Because an extension of time is unwarranted, we direct the clerk to strike the amended brief and the addendum.

                                      Entered for the Court

                                      Robert E. Bacharach
                                      Circuit Judge